IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
02 NOV 20 PM 3:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

STANLEY FORBES,                )
                               )
        Petitioner,            )
                               )
v.                             )   CIVIL ACTION NO. 02-AR-1449-E
                               )
WARDEN MARTHA L. JORDAN,       )
                               )
        Respondent.            )

ENTERED
NOV 2 0 2002

## MEMORANDUM OPINION

This matter is before the court on petitioner Stanley Forbes' application brought pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. (Doc. 1).[1] Upon consideration, the court finds that the application is due to be denied.

### BACKGROUND

Forbes was convicted on three drug violations following a jury trial in the United States District Court for the Middle District of Alabama, before the Honorable Ed Carnes, Circuit Judge, on December 7, 1995. Count One charged that he was involved in a drug conspiracy, in violation of 21 U.S.C. § 846; Count Two charged that he distributed cocaine base, in violation of 21 U.S.C. § 841(a)(1); and, Count Three charged that he possessed cocaine base with the intent to distribute the same, also in violation of 21 U.S.C. § 841(a)(1). He was sentenced on June 20, 1996, to 236 months custody on each count to run concurrently. (Doc. 9, Ex. A, p. 2). His conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals on June 6, 1997. *United States v. Forbes*, 116 F.3d 1493 (11th Cir. 1997) (Table).

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.



Following the denial of relief on appeal, the petitioner filed a challenge to his conviction and sentence in the Middle District of Alabama. It was deemed to be a motion pursuant to 28 U.S.C. § 2255 and denied on January 25, 2000. (Doc. 1 at 3).

On June 14, 2002, the petitioner filed the present application for a writ of habeas corpus. (Doc. 1). He asserts that he is being illegally confined because of a defective indictment, which did not allege a specific quantity of drugs and did not include the "complete statute" for penalty purposes. (Doc. 1 at 6-6a). In support of his contentions, he cites the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The United States was ordered to file a response to the petitioner's claims. (Doc. 3). A response has been filed (doc. 9), and the petitioner has filed a reply to the same (doc. 11).

## PROCEDURAL DEFAULT

The United States initially asserts that the petitioner's claims cannot be raised in a petition filed pursuant to § 2241. Specifically, the government asserts, "The allegedly defective indictment in the petitioner's case obviously 'occurred at or prior to sentencing' and is exactly the kind of error which 28 U.S.C. § 2255 is designed to address. Thus, the petitioner could (and should) have raised his allegations in his direct appeal and in his first § 2255 petition." (Doc. 9 at 3). The government further asserts that his other claims were not presented at trial, on appeal, or in the motion to vacate and, therefore, are barred from review. (*Id.* at 9). Finally, the United States asserts that the present petition is due to be denied because it may not be used as a means to avoid the requirements of § 2255. (*Id.* at 5).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became law on April 24, 1996, a motion to vacate a conviction and sentence must be filed within one year of

2

the date the conviction becomes final.[2] *See Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002). Additionally, it provides that before a second or successive habeas corpus application may be filed, the petitioner must secure the permission of the appropriate court of appeals to file the same.[3]

The petitioner does not argue that he has obtained the requisite permission from the Eleventh Circuit Court of Appeals. Instead, he argues that his § 2255 remedy is inadequate and ineffective. The court finds this insufficient under the circumstances.

The Eleventh Circuit has consistently made it clear that a habeas corpus petition may not be brought pursuant to § 2241 as a substitute for filing the same pursuant to § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 11 (5th Cir. 1979). In *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999),

---

[2] Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[3] Section 2255 provides, in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

3

the court held that a habeas corpus petitioner could not use § 2241 to circumvent the prohibitions in § 2255 against the filing of successive petitions by arguing that the limitations therein made the statute inadequate and ineffective for him to challenge the legality of his conviction.[4] To proceed under § 2241, the petitioner must show "(1) that [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes [that] the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244.

It is clear from the record that the petitioner does not meet the foregoing criteria. To the extent that he asserts in his rebuttal "that he has never filed a 28 U.S.C. § 2255 motion" (doc. 11 at 4), the court finds otherwise. In his original petition for habeas corpus relief, he states that he filed a motion pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(2), which was construed as a motion pursuant to § 2255. (Doc. 1 at 3). It was dismissed as being untimely. (*Id.*). That the court "recharacterized"[5] his petition does not change the fact that he again is

---

[4] The pertinent portion of § 2255 provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

[5] The Eleventh Circuit has stated as follows:

> District courts have always had the power to recharacterize pro se petitioners' motions. In fact, due to the frequency in which pro se litigants draft incognizable motions, "[f]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). This accommodation was the result of the time-honored practice of construing pro se plaintiffs' pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). In accordance with this practice, "district courts routinely convert post-conviction motions of prisoners who unsuccessfully [seek] relief under some other provision of law into motions made under . . . § 2255 and proceed to determine whether the prisoner was entitled to relief

attempting to challenge his conviction in a manner contrary to AEDPA.

The court further finds that a review of the petitioner's claims is barred because he is also attempting to avoid the one-year statute of limitations for petitions filed under § 2255. This is exactly what *Wofford* seeks to prevent.

> Even if the petitioner established that the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted, as "actual innocence" is defined in *Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). The Supreme Court held in *Bousley* that even in a first collateral attack proceeding, a petitioner who had procedurally defaulted a *Bailey* [*v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), claim by not raising it on appeal was required to prove actual innocence before obtaining relief on that claim. It would make no sense for a petitioner who had defaulted on a claim twice (on direct appeal and in a previous § 2255 proceeding) to be better off than one who had defaulted the claim only once (on direct appeal).

*Wofford*, 177 F.3d at 1244 n.3. The petitioner has not alleged actual innocence, much less demonstrated such.

The present claims are also foreclosed because they are procedurally defaulted since the petitioner did not raise the issues at the trial level or on direct appeal. *See United States v. Frady*, 456 U.S. 152, 162-63, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). Accordingly, the petitioner would have to demonstrate "cause and actual prejudice" to warrant relief. *Frady*, 456 U.S. at 167. The petitioner once again has not alleged, much less proven, any "cause and actual prejudice." *Id*.

The arguments advanced herein by the petitioner were available to him at trial, on direct

---

under that statute." *Adams v. United States,* 155 F.3d 582, 583 (2d Cir. 1998) (per curiam).

*O'Ryan Castro v. United States,* 290 F.3d 1270, 1272 (11th Cir. 2002).

5

appeal, and at the time of the filing of his first petition with the sentencing court. Although *Apprendi* had not been decided before the petitioner's conviction and his first petition, the argument was not so novel that he should be excused from raising the same. He was required to advance the argument to preserve it. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time'") (*quoting Engle v. Isaac*, 456 U.S. 107, 130 n.35, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)).

In *McCoy v. United States,* 266 F.3d 1245 (11th Cir. 2001), the court held that *Apprendi* errors are not jurisdictional, and that under the doctrine of *Teague v. Lane,* 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), the *Apprendi* decision is not retroactively applicable to cases in which the conviction became final before the *Apprendi* was released on June 29, 2000. Forbes' conviction became final in 1997, when the Eleventh Circuit Court of Appeals issued its mandate affirming his conviction and sentence. Accordingly, his claim is also barred under *Teague. Hamm v. United States*, 269 F.3d 1247, 1249 (11th Cir. 2001).

To the extent that the petitioner also asserts that the indictment is defective in that he asserts that it does not charge an offense because it "left-out" the penalty, the court finds this claim to be without merit. An indictment is sufficient if it (1) contains the essential facts underlying each element of the offense, such that the defendant is properly informed of the proof he must meet, and (2) is specific enough to permit the defendant to use it to protect himself from a subsequent prosecution for the same offense. *United States v. Adams*, 83 F.3d 1371, 1374 (11th Cir. 1996), *citing Russell v. United States,* 369 U.S. 749, 763-64, 82 S. Ct. 1038, 1046-47, 8 L. Ed. 2d 240 (1962). The petitioner's challenge is insufficient to warrant any relief. He has not

shown how the purported failure to allege a specific drug quantity or to cite to a specific penalty provision inured to his detriment. For instance, there is no indication in the file that the petitioner was denied discovery demonstrating the amount of drugs involved. He was informed of the charge and certainly could assert a double jeopardy claim.[6]

## CONCLUSION

Premised on the foregoing discussion, the petitioner's application for a writ of habeas corpus, filed pursuant to § 2241 is due to be denied. An appropriate order will be entered.

The clerk is **DIRECTED** to serve a copy of this memorandum opinion upon the petitioner and counsel for the United States.

**DONE**, this the 20th day of November, 2002.

_____
**WILLIAM M. ACKER, JR.**
United States District Judge

---

[6] The petitioner also argues that the indictment is defective in that it fails to properly charge a "specific quantity of drugs." (Doc. 1 at 6 & 6a). However, this does not constitute an *Apprendi* violation in view of the fact that his sentence did not exceed the statutory maximum penalty for the lowest cocaine base offense under 21 U.S.C. § 841(b)(1)(C), which is 20 years (240 months).

In his rebuttal, the petitioner asserts that "the government failed to produce any proof and evidence that the situs of the alleged offenses were [sic] in the territorial jurisdiction of the United States." (Doc. 11 at 2-3). He cites to 40 U.S.C. § 255, which concerns the acquisition of land by the federal government. This claim is utterly without merit and the citation to § 255 is inapposite. A conviction under the applicable drug statutes does not require that the "situs" of the offense be property belonging to the United States.